United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 26, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-40656
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE LUIS SEGOVIANO-CRUZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:05-CR-2375-ALL
--------------------

Before JONES, Chief Judge, and KING and DAVIS, Circuit Judges.

PER CURIAM:[*]

Jose Luis Segoviano-Cruz (Segoviano) appeals his conviction and sentence for illegal reentry after deportation. Segoviano contends, and the Government concedes, that the district court misapplied the Sentencing Guidelines by increasing his sentence based on a prior Texas conviction that was not a "crime of violence" under the Guidelines and United States v. Fierro-Reyna, 466 F.3d 324, 327-29 (5th Cir. 2006). The Government argues that the error was harmless but fails to show that the error did not

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

affect the selection of the sentence.  See <u>Williams v. United States</u>, 503 U.S. 193, 203 (1992), <u>cited in</u> <u>United States v. Davis</u>, ___ F.3d ___, 2007 WL 259568, at *4 (5th Cir. Jan. 31, 2007).  The Government failed to bear its burden of showing that the district court would have imposed the same sentence absent the error.  <u>See</u> <u>William</u>, 503 U.S. at 203.  We vacate the sentence and remand for resentencing in accordance with <u>Fierro-Reyna</u>.

Segoviano argues, in light of <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), that any term of imprisonment of more than two years exceeds the statutory maximum sentence allowed for the 8 U.S.C. § 1326(a) offense charged in his indictment.  He challenges the constitutionality of § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than elements of the offense that must be found by a jury.

Segoviano's constitutional challenge is foreclosed by <u>Almendarez-Torres v. United States</u>, 523 U.S. 224, 235 (1998).  Although he contends that <u>Almendarez-Torres</u> was incorrectly decided and that a majority of the Supreme Court would overrule <u>Almendarez-Torres</u> in light of <u>Apprendi</u>, we have repeatedly rejected such arguments on the basis that <u>Almendarez-Torres</u> remains binding.  <u>See</u> <u>United States v. Garza-Lopez</u>, 410 F.3d 268, 276 (5th Cir.), <u>cert. denied</u>, 126 S. Ct. 298 (2005).  Segoviano properly concedes that his argument is foreclosed in light of <u>Almendarez-Torres</u> and circuit precedent, but he raises it here to preserve it for further review.  Segoviano's conviction is affirmed.

AFFIRMED IN PART; VACATED AND REMANDED IN PART.